IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| USA HOSPITALS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 15-00332-CB-M |
| DAVID KEMP, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on a motion to dismiss for lack of subject matter jurisdiction, or in the alternative to stay proceedings, filed by the defendant, David Kemp. (Doc. 2.) After careful consideration of the motion, Defendant's supporting brief (Doc. 3), Plaintiff's response (Doc. 6), and Defendant's Reply (Defendant's reply, the Court finds that the motion is due to be denied.

**Background**

This action was initially filed in the Circuit Court of Mobile County Alabama on May 22, 2015. On June 26, 2015, Kemp filed a notice of removal asserting removal jurisdiction based on diversity of citizenship because Kemp is a resident of Mississippi, USA Hospitals is an Alabama corporation with its principal place of business in Mobile, Alabama, and the amount in controversy exceeds $75,000.

The Complaint is simple. It alleges that Kemp owes USA Hospitals $106,366.98 for medical treatment rendered to Kemp not paid by insurance. USA seeks to recover that amount plus interest and attorney's fees through claims of open account, account stated, and breach of contract. According to the motion to

dismiss, these charges were incurred as result treatment for injuries Kemp received in an automobile accident. Kemp "is currently in settlement negotiations with the [d]efendant in the underlying collision case." (Def.'s Br. 2, Doc. 3.)

On May 29, 2014, USA Hospitals filed a Notice of Hospital Lien in the Probate Court of Mobile County, Alabama. This lien alleges, in relevant part:

> Under the provisions of Title 35, Chapter 11, Division 15, Code of Alabama, 1975, notice is hereby given that the University of South Alabama Hospitals, a public body corporate whose address is 2451 Fillingim Street, Suite 3040, Mobile, Alabama 3617, claims a lien for all reasonable charges for hospital care treatment and maintenance by injuries received by[ ] David Kemp. . . . Upon any and all actions claims, counterclaims and demands accruing to [Kemp], and upon all judgments settlements and settlement agreements entered into by virtue thereof on account of injuries giving rise to such actions claims, counterclaims demands, judgments, settlements or settlement agreements and which necessitated such hospital care.

(Doc. 2, Ex. A.)

**Issues Presented**

Ironically, Kemp has invoked this Court's removal jurisdiction only to file a motion to dismiss for lack of subject matter jurisdiction or, alternatively, to stay. Kemp argues, in essence, that subject matter jurisdiction is lacking because Plaintiff has also filed a hospital lien and the amount of the hospital lien cannot be determined until the underlying personal injury claims are reduced to judgment. In response, USA Hospitals argues that its claims are not based on the hospital lien statute.

**Discussion**

Kemp's motion to dismiss or to stay rests entirely on *Univ. of S. Ala. Hosps. v. Blackmon*, 987 So. 2d 1138 (Ala. Civ. App. 2007), a case involving the disputed

amount of a hospital lien. *Blackmon* arose in the context of a personal injury lawsuit. Blackmon, who was injured in a car accident, sued the automobile and tire manufacturers. As part of the settlement negotiations in that suit, "Blackmon filed a motion, purportedly pursuant to § 35-11-373. . . in which she asked the trial court to determine the validity of USAH's lien, the reasonable amount due on the lien, and the manner in which . . . her potential settlement [proceeds] . . . should be distributed between USAH and herself." *Id.* at 1140. The trial court subsequently entered an order declaring the amount of the lien. Blackmon settled her claims against the manufacturers, but that settlement was not reduced to judgment. The hospital appealed the decision with respect to the amount of the lien. The Alabama Court of Civil Appeals held that the trial court was without subject matter jurisdiction to determine the amount of the lien because the underlying claim, *i.e.* the dispute between Blackmon and the manufacturers, had not been reduced to judgment. Simply put, § 35-11-373, gives a trial court jurisdiction to determine the amount of a hospital lien when the person who is the subject of the lien has filed a claim in that court and the claim "has been reduced to judgment." *Id.* The clear language of the statute, according to the appellate court, required that the underlying claim be reduced to a judgment before the trial court could exercise jurisdiction to determine the amount. Because the settlement was never reduced to a judgment, the trial court lacked subject matter jurisdiction under the lien statute.

The instant case is not controlled by *Blackmon* for several reasons. First and foremost, no party has asserted jurisdiction under Ala. Code § 35-11-373, which was the only basis for subject matter jurisdiction in that case. Second, this case does not

3

involve the determination of the amount of a hospital lien or the lien statute. Instead, it is a suit based on state common law claims for money owed on account and breach of contract.  Moreover, contrary to Kemp's argument, nothing in *Blackmon* or in the hospital lien statute, Ala. Code §§ 35-11-370, *et seq.* preempts common law.  Kemp has pointed to no Alabama law that would require a hospital to choose between pursuing a lien and pursuing a common law claim.  Nor has he cited any law that would require a hospital to await the outcome of the patient's personal injury action before instituting a collection proceeding.

**Conclusion**

For the foregoing reasons, Defendant's motion to dismiss or, alternatively, to stay is **DENIED**.

**DONE** and **ORDERED** this the 27th day of July, 2015.

*s/ Charles R. Butler, Jr.*
**Senior United States District Judge**