IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| USA HOSPITALS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0332-WS-M |
| | ) |
| DAVID KEMP, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion to remand. (Doc. 45). The parties have filed briefs in support of their respective positions, (Docs. 47-49), and the motion is ripe for resolution.

The defendant removed on the basis of diversity of citizenship. When no foreign state or citizen of a foreign state is a party, diversity jurisdiction requires that the action be between "citizens of different States." 28 U.S.C. § 1332(a). The plaintiff asserts that it is not a citizen of Alabama or of any state.

"[A] state is not a citizen of a state for the purpose of diversity jurisdiction under 28 U.S.C. § 1332." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999) ("*USA*"). "A public entity or political subdivision of a state, unless simply an arm or alter ego of the State, however, is a citizen of the state for diversity purposes. … Therefore, if a party is deemed to be an arm or alter ego of the State, then diversity jurisdiction must fail." *Id.* (internal quotes omitted).

"Although the question of diversity jurisdiction is distinct from that of immunity, … we have also held that the Eleventh Amendment immunity analysis is applicable to determinations of citizenship for the purpose of diversity jurisdiction." *USA*, 168 F.3d at 412. The University of South Alabama and other state universities within Alabama have been held to be protected by Eleventh

Amendment immunity. *Id*. "Based on this unambiguous precedent, we conclude that the University [of South Alabama] is an instrumentality of the state, not a citizen of the state of Alabama, for the purpose of diversity jurisdiction." *Id*.

The plaintiff is not the University of South Alabama ("the University") but USA Hospitals. The question is whether USA Hospitals is a citizen of Alabama even though the University is not. "[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013). Moreover, "all doubts about jurisdiction should be resolved in favor of remand to state court." *USA*, 168 F.3d at 411.

"[T]he operation of a hospital by a state university falls within the realm of sovereign immunity." *Liberty National Life Insurance Co. v. University of Alabama Health Services Foundation, P.C.*, 881 So. 2d 1013, 1028 (Ala. 2003) (internal quotes omitted). State sovereign immunity has been extended to the University of South Alabama Medical Center. *Sarradett v. University of South Alabama Medical Center*, 484 So. 2d 426 (Ala. 1986). Although the parties do not precisely identify "USA Hospitals," the defendant admits he is being sued to collect payment for services rendered at "USA Medical Center." (Doc. 1 at 2). The Court therefore assumes that the plaintiff partakes of sovereign immunity under state law. Possession of sovereign immunity under state law is not dispositive of Eleventh Amendment immunity, but it is a relevant factor. *E.g., Walker v. Jefferson County Board of Education*, 771 F.3d 748, 754-55 (11th Cir. 2014).

The defendant argues that the plaintiff has the capacity to sue, contract, and hold funds in its own name. (Doc. 47 at 2). Since this is also true of the University, it is not clear how these circumstances advance the defendant's position.

The defendant's central argument is that, by creating and funding a limited liability company to conduct most of its "management, operations, and

employment affairs," the plaintiff "changed its character as separate and distinct from the State and extended itself beyond its alter-ego status." (Doc. 47 at 2; Doc. 48 at 4-5). The only member of the LLC, however, is the University itself, (Doc. 49-2), so its creation could not have divorced the plaintiff from the University.

It is unnecessary for the Court to definitively resolve whether the plaintiff partakes of Eleventh Amendment immunity and/or whether it is a citizen of Alabama, and the parties' cursory presentation makes the Court hesitant to do so. The defendant, who bears the burden, has failed to carry it, and the Court's considerable doubts about its jurisdiction are sufficient to require remand.

For the reasons set forth above, the motion to remand is **granted**. This action is **remanded** to the Circuit Court of Mobile County.

DONE and ORDERED this 25th day of April, 2016.

s/ WILLIAM H. STEELE<br>
CHIEF UNITED STATES DISTRICT JUDGE